UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CXA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AMERICAN FAMILY INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 15 CV 11412 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

Presently before us is Defendant American Family Insurance Company's ("American Family") motion to join The Austin 1900 Building Corporation ("Austin 1900") as a plaintiff in this suit brought by Plaintiff CXA Corporation ("CXA") against American Family for breach of an insurance contract. (Mot. for Joinder (Dkt. No. 28).) For the reasons stated below, we deny American Family's motion.

## BACKGROUND

American Family issued an insurance policy to Austin 1900 effective March 31, 2014 through March 31, 2015 for the property at 6001 West Dickens Avenue, Chicago, Illinois (the "insured property" or the "property"). (Compl. (Dkt. No. 1), Ex A at Pg. ID #12.) Austin 1900 has owned the insured property at all times relevant to this lawsuit. (Compl. ¶ 8.)

The insurance policy contains a mortgageholders clause which provides coverage specifically to the mortgageholder for loss in certain circumstances. (*Id.*, Ex. A. at Pg. ID #99.) Two sections of that clause are relevant here. First, under Section 2(b), American Family promises to provide coverage to the property's mortgageholder for covered losses. (*Id.*) Second, under Section 2(d), American Family promises to provide coverage to the mortgageholder in some instances for losses that are not covered. (*Id.*) Section 2(d) provides that, when the insurer

denies a claim because of the named insured's act or failure to comply with the policy terms, the insurer may still provide coverage to the mortgageholder so long as the mortgageholder has "notified [the insurer] of any change in ownership, occupancy or substantial change in risk known to the mortgageholder." (*Id.*)

The insurance policy identifies the mortgageholder of the property as CLMG Corporation as Servicer for Beal Bank – Nevada ("Beal Bank" or "CLMG"). (*Id.* at Pg. ID #78.) On or around January 8, 2014, Beal Bank assigned the note, mortgage, and loan documents for the insured property to LNV Corporation. (Compl., Ex. B at Pg. ID #130–31.) On that same day, LNV Corporation assigned the note, mortgage, and loan documents for the insured property to CXA. (*Id.* at Pg. ID #124–25.) On the basis of that assignment, CXA claims it is the mortgageholder of the property. (Compl. ¶ 15.)

On or around December 15, 2014, the roof collapsed at the property. (*Id.* ¶ 18.) After the roof collapsed, Austin 1900 submitted an insurance claim, which American Family denied. (Compl., Ex. C at Pg. ID #136–37.) CXA claims a right to the insurance claim because it alleges it is the mortgageholder of the property. In a July 23, 2015 letter, American Family stated that the collapse resulted from uncovered "long term wear and tear, rot and deterioration," and therefore it would not "honor any claim for damage or repair." (*Id.*) CXA contends that "snow and ice accumulation" caused the roof to collapse, and therefore American Family should pay for the loss. (Compl. ¶ 18.) The disagreement over whether American Family should have covered the loss forms the basis of the present suit. (*Id.* ¶¶ 21–25.)

CXA filed suit against American Family on December 17, 2015, alleging that American Family breached its insurance contract with CXA, as mortgageholder, when it refused to pay

CXA for losses associated with the roof collapse at the insured property. American Family filed the instant motion for joinder of Austin 1900 on July 26, 2016. (Mot. for Joinder.)

**LEGAL STANDARD**

Rule 19 governs joinder of mandatory parties. Fed. R. Civ. P. 19(a). The aim of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009); *Moore v. Ashland Oil*, 901 F.2d 1445, 1447 (7th Cir. 1990). The party moving for joinder has the burden to demonstrate that we should join the absent party if feasible. *Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, at *3 (N.D. Ill. Dec. 18, 2002) (citing *Pudela v. Swanson*, No. 91 C 3559, 1996 WL 754106, at *4 (N.D. Ill. Dec. 31, 1996); *cf. NanoeXa Corp. v. Univ. of Chicago*, No. 10 C 7177, 2011 WL 4729797, at *1 (N.D. Ill. Oct. 6, 2011) (observing that, for the purposes of a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19, it is the moving party's burden to demonstrate the absent party is a necessary and indispensable party under Rule 19).

To determine if an absent party must be joined under Rule 19, we first determine whether the absent party is "required to be joined if feasible" under Rule 19(a). *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001); *Moore*, 901 F.2d at 1447. A party is required to be joined if feasible if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
  (i) as a practical matter impair or impede the person's ability to protect the interest; or
  (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a party must be joined, then we must also determine whether joinder is feasible under Rule 19(b). *Askew*, 568 F.3d at 635 (describing the two-step process courts use to analyze Rule 19 joinder motions).

**ANALYSIS**

American Family argues that Austin 1900 is a required party because: (1) in its absence, we cannot accord complete relief among existing parties, (Mot. for Joinder ¶ 6); (2) Austin 1900 is an insured, and all insureds "are necessary parties to the suit when their claims for coverage are in issue," (*id.* ¶ 8); and (3) Austin 1900 "claims an interest relating to the subject of the action and is so situated that disposing of the action in its absence may leave American Family subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations," (*id.* ¶ 7).

**I. Complete Relief Among the Parties**

CXA seeks relief for a loss it believes American Family should have covered under the insurance policy's mortgageholders clause. (Compl. ¶¶ 9–15, 23–25.) American Family argues that CXA is not a mortgageholder, and that we cannot accord complete relief among the parties without joining Austin 1900 because CXA's rights under the insurance policy are, at the very most, "commensurate with whatever coverage" Austin 1900 may claim. (Pl.'s Reply Br. (Dkt. No. 37) at 4 (citing *Old Second Nat'l Bank v. Indiana Ins. Co.*, 2015 IL App (1st) 140265, ¶ 20, 29 N.E.3d 1168, 1175 (1st Dist. 2015).)

In response, CXA contends that the "language of the Policy's Mortgageholder clause qualifies as a 'standard loss payable clause,'" under which CXA has an "independent contractual relationship with [American Family]." (Pl.'s Resp. Br. (Dkt. No. 36) at 2.) CXA argues that, on the basis of that independent contractual relationship, it "may maintain an independent cause of action against American Family," and "[a]ny action by this Court on Plaintiff's complaint will

4

fully adjudicate the rights of both parties as to one another with respect to the insurance claim at issue. (*Id.* at 2–3.)

In the context of Rule 19(a), "the term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Davis*, 268 F.3d 477 at 484 (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). American Family has not shown that we cannot accord complete relief among the existing parties in this action. CXA's present action concerns its rights, as the alleged mortgageholder of the insured property, to receive payment for the losses caused by the roof collapse at the property. (Compl. ¶¶ 9–15.) American Family has provided no reason we cannot, without Austin 1900's participation, adequately determine whether CXA is entitled to payment under its theory that it is a mortgageholder for the insured property. *See Old Second Nat'l Bank*, 2015 IL App (1st) 140265 at ¶ 20, 29 N.E.3d at 1175 ("The 'standard' mortgage clause, more broadly, forms a separate and distinct contract between the insurer and the mortgagee.").

Instead, American Family argues that "[i]n light of the fact that, at most, CXA merely enjoys the same rights under the policy as 1900 Austin, 1900 Austin must be made a party to properly determine those rights." (Pl.'s Reply Br. at 4.) Assuming for the sake of argument that CXA is not a mortgageholder, American Family has still not demonstrated that we cannot accord complete relief among the existing parties without joining Austin 1900.[1] In relying on *Old Second Nat'l Bank*, American Family's argument is presumably that CXA may, at most, have rights pursuant to a "'simple' mortgage clause," as opposed to a "'standard' mortgage clause," such that it "will receive insurance proceeds only to the extent of its interest as stated in the

---

[1] Accordingly, we need not decide the more fundamental question of whether CXA is in fact a mortgageholder for the purpose of deciding the present motion.

5

policy, subject to all of the same defenses to coverage as the insured." *Old Second Nat'l Bank*, 2015 IL App (1st) 140265 at ¶ 20, 29 N.E.3d at 1168; *see also Chrysler First Commercial Corp. v. State Farm Ins. Co.*, 269 Ill. App. 3d 318, 321–322, 646 N.E.2d 647, 649 (2d Dist. 1995). However, American Family has provided no compelling reason why Austin 1900's participation in this suit would be necessary to determine CXA's interest as stated in the policy, or to determine what defenses to recovery American Family may deploy. Thus, American Family has failed to demonstrate that, even if CXA is not a mortgageholder, we cannot accord complete relief among the existing parties.

**II.   Absent Party's Interest**

Second, we consider whether Austin 1900's ability to protect its interest in the subject matter of the litigation will be impaired if it is not joined. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999); *see also, e.g.*, *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 501–02 (7th Cir. 1980) (reviewing "alleged sources of prejudice" toward the absent person). American Family contends that Austin 1900 claims an interest in this case because it is the named insured and the property owner. (Mot. for Joinder ¶ 7.) Significantly, Austin 1900 is aware of this litigation and has not attempted to intervene. Indeed, American Family's deposition of Austin 1900's owner prompted the instant motion for joinder. (Dkt. Nos. 23, 28 ¶ 3); *see Davis*, 268 F.3d at 483–84 ("under Rule 19(a), it is the absent party that typically must claim" an interest in the litigation); *Leaf Funding, Inc. v. PMI Sports, Inc.*, No. 07 C 4571, 2008 WL 4717166, at *5 (N.D. Ill. May 29, 2008) ("When an outsider is aware of an action and does not claim an interest, courts typically do not second-guess the decision."). Additionally, American Family has provided no evidence that Austin 1900 will be prejudiced if we do not join it in this case. Instead, American Family merely asserts "[a]s a named insured

and the owner of 6001 Dickens, The Austin 1900 Building Corporation claims an interest relating to the subject of the action." (Mot. for Joinder ¶ 7.)

Furthermore, Austin 1900's potential interest in the subject of this litigation likely differs substantially from CXA's claims against American Family, such that that Austin 1900 is not at risk of losing its ability to protect its interest. CXA sued pursuant to the mortgageholders clause of the insurance policy, which grants the mortgageholder certain rights to coverage that are independent from the named insured's right to coverage. (Compl. ¶¶ 9–10, 20–25, Ex. A at Pg. ID #99); *see Old Second Nat'l Bank*, 2015 IL App (1st) 140265 at ¶ 20, 29 N.E.3d at 1175 ("The 'standard' mortgage clause, more broadly, forms a separate and distinct contract between the insurer and the mortgagee."). Although Austin 1900, as owner of the insured property, could have an interest in payment of an insurance claim for the roof collapse, Austin 1900 does not have an interest in that payment pursuant to the Mortgageholders clause, which underlies the case before us.

Nevertheless, American Family argues that insureds are always "necessary parties when their claims for coverage are in issue." (Mot. for Joinder ¶¶ 8–9 (citing *Sta-Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 285–86 (7th Cir. 1996); *Northland Ins. Co. v. Hawk*, 59 Ill. App. 3d 155, 157, 376 N.E.2d 30, 32 (1st Dist. 1978); *Safeway Ins. Co. v. Harvey*, 36 Ill. App. 3d 388, 392, 343 N.E.2d 679, 682 (1st Dist. 1976).) However, these cases are legally and factually distinguishable from the instant case. American Family first relies on *Northland* and *Safeway*, which both held that absent parties were required to be joined when their rights could be adversely impacted by the outcome of the litigation. *Northland*, 59 Ill. App. 3d at 158, 376 N.E.2d at 32; *Safeway*, 36 Ill. App. 3d at 391–92, 343 N.E.2d at 682). While we agree that the absent party's ability to protect its interest is a relevant consideration when

determining whether it is a required party, *see* Fed R. Civ. P. 19(a)(1)(B)(i), neither *Northland* nor *Safeway* in any way demand that an insured is always a required party. Rather, both cases found the insureds to be indispensable parties where the resolution of the action without their presence would, in those particular circumstances, prejudice them. *Northland*, 376 N.E.2d at 32; *Safeway*, 343 N.E.2d at 682. American family has shown no such prejudice to Austin 1900 here, particularly where Austin 1900 is aware of the lawsuit and roof collapse, and has chosen not to assert any claims.

American Family also contends that *Sta-Rite Industries, Inc.* requires us to join Austin 1900. 96 F.3d 281(7th Cir. 1996). However, *Sta-Rite* is also distinguishable. *Sta-Rite* affirmed the dismissal of an action for failure to join one of multiple insurers based, in relevant part, on Wisconsin substantive law providing "joint and several liability for insurers that cover the same risks." *Id.* at 284–85 (determining that an insurer was an indispensable party where the case concerned which insurer's coverage applied, whether excess coverage was implicated, and how to allocate defense and indemnity liability among insurers in plaintiff's claim). Unlike *Sta-Rite*, which concerned potential prejudice to absent insurers, the present case turns on whether a named insured must be joined in a suit where a third party, CXA, claims an independent contractual relationship with the lone insurer. Accordingly, *Sta-Rite* does not require the joinder of Austin 1900.

For the above reasons, American Family has failed to demonstrate that Austin 1900 will be prejudiced if not made a party to this action.

**III.    Risk of Multiple or Inconsistent Obligations**

Finally, we consider whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations should Austin 1900 not be joined. *Davis*, 268 F.3d at 481; *Thomas*, 189 F.3d at 667. American Family asserts in conclusory fashion that, without joinder of Austin 1900, it will be subjected to a substantial risk of multiple or inconsistent obligations. (Mot. for Joinder ¶ 7.) However, under CXA's theory that it is a mortgageholder within the meaning of the insurance policy's Mortgageholder's clause, American Family has distinct obligations to both CXA as mortgageholder and Austin 1900 as named insured. *See Old Second Nat'l Bank*, 2015 IL App (1st) 140265 at ¶ 20, 29 N.E.3d at 1175 ("The 'standard' mortgage clause, more broadly, forms a separate and distinct contract between the insurer and the mortgagee.").

As we observe above, American Family argues that CXA is not a mortgageholder and, at most, "possesses rights commensurate with whatever coverage the named insured, 1900 Austin, has under the policy." (Pl.'s Reply Br. at 4.) In support, American Family cites *Old Second Nat'l Bank*, in which the Illinois Appellate Court held that a mortgagee with rights under a simple mortgage clause, as opposed to a standard mortgage clause, has "no greater right of recovery than the insured" and "will receive insurance proceeds only to the extent of its interest as stated in the policy." 2015 IL App (1st) 140265 at ¶ 20, 29 N.E.3d at 1175. However, American Family has provided no evidence that—assuming it has correctly characterized the limits of CXA's rights under the insurance policy—it is at greater risk of incurring multiple or inconsistent obligations. Even if CXA is not a mortgageholder and may only be able to recover insurance proceeds based on "its interest as stated in the policy," or may be "subject to the all of the same defenses to coverage as the insured," American Family has not shown that it is at

greater risk of incurring multiple, inconsistent obligations. *Id.* Additionally, that a party with rights under a simple mortgage clause may bring an action "separate from that of the named insured," *Chrysler First Commercial Corp.*, 269 Ill. App. 3d at 323, 199 N.E.2d at 650, militates against presuming that American Family might be at risk of multiple and inconsistent obligations if CXA's rights are at most "commensurate with whatever coverage the named insured, 1900 Austin, has under the policy," (Def.'s Reply Br. at 4). Therefore, American Family has not demonstrated that it might be subjected to a substantial risk of multiple or inconsistent obligations should Austin 1900 not be joined.

## CONCLUSION

For the above reasons, American Family's Rule 19(a) motion to join The 1900 Austin Building Corporation is denied. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 7, 2016
Chicago, Illinois