# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CXA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 CV 11412 |
| ) | Hon. Marvin E. Aspen |
| AMERICAN FAMILY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Remaining before us are Plaintiff CXA Corporation's second motion in limine and Defendant American Family Insurance Company's second motion in limine. (Dkt. Nos. 79, 86.) We hereby refer these motions in limine to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b). The Magistrate Judge shall conduct evidentiary hearings as need be on the admissibility of the proposed expert testimony at issue and enter an order ruling on Plaintiff's and Defendant's second motions in limine. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999) (describing trial courts' "discretionary authority" to "require appropriate proceedings" when an expert's reliability is at issue).

Both motions seek to limit testimony of proposed expert witnesses pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). "The rubric for evaluating the admissibility of expert evidence considers whether the expert was qualified, whether his methodology was scientifically reliable, and whether the testimony would have assisted the trier of fact in understanding the evidence or in

determining the fact in issue." *Hartman v. EBSCO Indus., Inc*., 758 F.3d 810, 817 (7th Cir. 2014). District courts have wide latitude in performing this gate-keeping function, and the inquiry pursuant to *Daubert* and Rule 702 is "a flexible one." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 138, 119 S. Ct. 1167, 1170 (1999) (citing *Daubert*, 509 U.S. at 594, 113 S. Ct. at 2797).

In their second motion in limine, Plaintiff seeks to prevent Defense's proposed expert August Domel, a structural engineer, from offering his opinion as to whether alleged decay of the roof was "hidden from view" or "known to an insured" and whether the collapse occurred "abruptly." (Dkt. No. 86 at 1.) We recognize Plaintiff's concern that Domel's testimony may not qualify as sufficiently reliable because Domel appears to have not based his conclusion about the causation of the collapse on "any reliable methodology," nor has Domel explained how his analysis is "testable or generally accepted in the field." (*Id.* at 5.) Plaintiff's correctly argues that Domel's expert testimony should be excluded if the Magistrate Judge finds his conclusions are "connected to existing data only by the *ipse dixit* of the expert." (*Id.* at 3.) Similarly, Defendant's motion seeks to exclude Plaintiff's proposed expert Howard Mishne, an insurance adjuster, from testifying about the circumstances of the roof collapse, including whether the collapse was "abrupt," if an insured would or should have been aware of the decay causing the collapse, and if the roof collapsed all at once or in sections. (Dkt. Nos. 79 at 1, 81 at 1–4.) Defendant argues such testimony is unreliable and outside of Mishne's expertise. (Dkt. Nos. 79 at 1, 81 at 1.) We request the Magistrate Judge conduct *Daubert* hearings or other "appropriate proceedings" as need be to further explore the issues of admissibility of the testimony of these proposed experts beyond the parties' briefing. *Kumho Tire*, 526 U.S. at 152, 199 S. Ct. at 1176.

## CONCLUSION

Plaintiff's and Defendant's second motions in limine are hereby referred to the Magistrate Judge. The Magistrate Judge shall conduct *Daubert* hearings on the admissibility of the challenged expert testimony, and then enter rulings on Plaintiff's second and Defendant's second motions in limine. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 21, 2017
       Chicago, Illinois